JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources Division

STEVEN D. ELLIS (Colo. Bar No. 12255)
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Tel:      (202) 514-3163
Fax:      (202) 616-6584
E-mail:  steven.ellis@usdoj.gov

Attorneys for Plaintiff the United States of America

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.   3:16-cv-3444 |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| TRADER JOE'S COMPANY | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMPLAINT

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

<u>STATEMENT OF THE CASE</u>

1.     This is a civil action brought pursuant to the Clean Air Act ("CAA" or the "Act"), 42 U.S.C. §§ 7401-7671q, against Defendant Trader Joe's Company ("Defendant") for civil penalties and injunctive relief for violations of Section 608 of the Act, 42 U.S.C. § 7671g, and the commercial refrigerant repair and recordkeeping regulations promulgated thereunder, set forth at 40 C.F.R. Part 82, Subpart F, §§ 82.150-82.169 (Recycling and Emission Reduction).

<u>JURISDICTION AND VENUE</u>

2.     This Court has jurisdiction over the subject matter of this action pursuant to Section 113(b) of the Act, 42 U.S.C. § 7413(b), and 28 U.S.C. §§ 1331, 1345, and 1355.

3.     Venue is proper in this district pursuant to Section 113(b) of the Act, 42 U.S.C. § 7413(b), and 28 U.S.C. §§ 1391(b) and (c), and 1395(a), because some of the violations in this Complaint are alleged to have occurred in this judicial district.

<u>INTRADISTRICT ASSIGNMENT</u>

4.     Intradistrict assignment is proper in the San Francisco Division pursuant to Civil L.R. 3-2 because some of the violations in this Complaint are alleged to have occurred in the counties of Alameda, Contra Costa, San Francisco, San Mateo, and Sonoma.

<u>NOTICE AND AUTHORITY</u>

5.     The United States Department of Justice ("DOJ") has authority to bring this action on behalf of the Administrator of EPA pursuant to 28 U.S.C. §§ 516 and 519, and Section 305(a) of the Act, 42 U.S.C. § 7605(a).

6.     Pursuant to Section 113(b) of the Act, 42 U.S.C. § 7413(b), notice of the commencement of this action has been given to the air pollution control agency for each state in which the violations in this Complaint are alleged to have occurred**.**

DEFENDANT

7.     Defendant, a California corporation with its headquarters in Monrovia, California, is a "person" as that term is defined at Section 302(e) of the Act, 42 U.S.C. § 7602(e), and 40 C.F.R. § 82.152, and within the meaning ascribed under Section 113 of the Act, 42 U.S.C. § 7413.

8.     Defendant is a retail grocery chain that uses commercial refrigeration equipment to chill its food display cases.

STATUTORY AND REGULATORY BACKGROUND

9.     Title VI of the Act, 42 U.S.C. §§ 7671-7671q (Stratospheric Ozone Protection), which implements the Montreal Protocol on Substances That Deplete the Ozone Layer, mandates the elimination or control of emissions of substances that are known or suspected to cause or significantly contribute to harmful effects on the stratospheric ozone layer, referred to as class I and class II substances.

10.    Section 608 of Title VI of the Act, 42 U.S.C. § 7671g (National Recycling and Emission Reduction Program), requires EPA to promulgate regulations establishing standards and requirements regarding the use and disposal of class I and class II substances during the service, repair, or disposal of appliances and industrial process refrigeration.

11.    EPA promulgated the regulations required by Section 608 at 58 Fed. Reg. 28,660 (May 14, 1993), as amended at 59 Fed. Reg. 42,950 (Aug. 19, 1994), 59 Fed. Reg. 55,912 (Nov. 9, 1994), 60 Fed. Reg. 40,420 (Aug. 8, 1995), 68 Fed. Reg. 43,786 (July 24, 2003), 69 Fed. Reg. 11,946 (Mar. 12, 2004), and 70 Fed. Reg. 1972 (Jan. 11, 2005).  These regulations ("Subpart F Regulations") are codified at 40 C.F.R. Part 82, Subpart F, §§ 82.150-82.169.

A.     Leak Repair Requirements

12.    The Subpart F Regulations include leak repair requirements for commercial refrigeration appliances normally containing more than 50 pounds of refrigerant – i.e., appliances containing more than 50 pounds of a substance consisting in part or whole of a class I or class II ozone-depleting substance when they are operating with a full charge of refrigerant.  40 C.F.R.

COMPLAINT

§§ 82.156(i)(1), 82.152.

13.     "Appliance" is defined in Title VI of the Act and the Subpart F Regulations as any device which contains and uses a class I or class II substance as a refrigerant and which is used for household or commercial purposes, including any air conditioner, refrigerator, chiller, or freezer.  CAA § 601(1), 42 U.S.C. § 7671(1); 40 C.F.R. § 82.152.

14.     "Commercial refrigeration" is defined in the Subpart F Regulations as the refrigeration appliances utilized in the retail food and cold storage warehouse sectors, including the refrigeration equipment found in supermarkets and convenience stores.  40 C.F.R. § 82.152.

15.     Pursuant to the Subpart F Regulations, if a commercial refrigeration appliance that normally contains more than 50 pounds of refrigerant has an annual leak rate in excess of 35 percent, the owner or operator of such appliance must, within 30 days after the owner or operator discovers a leak, or should have discovered a leak if the owner or operator intentionally shielded itself from information that would have revealed a leak, either:  (a) repair the leak, bringing the annual leak rate below 35 percent, or (b) prepare a one-year retrofit or retirement plan for the leaking appliance, and complete all work in accordance with the plan within one year of the plan's date.  40 C.F.R. § 82.156(i)(1), (6), (9).

B.     Recordkeeping Requirements

16.     To ensure that owners and operators can determine when they must take action under the leak repair requirements, the Subpart F Regulations also impose recordkeeping requirements for commercial refrigeration appliances normally containing 50 or more pounds of refrigerant.

17.     Pursuant to 40 C.F.R. § 82.166(k) and (m), the owner or operator of a commercial refrigeration appliance normally containing 50 or more pounds of refrigerant must keep records documenting the date and type of service on the appliance, as well as the quantity of refrigerant added, and must maintain such records for at least three years.

C.   Requirement to Provide Complete Response to Information Request

18.     Section 114(a) of the Act, 42 U.S.C. § 7414(a), authorizes the Administrator to require any person who may be subject to any requirement of the Act, or whom the Administrator believes may have necessary information, to provide such information, in order to carry out any provision of the Act.

D.   Enforcement Provisions

19.     Sections 113(a)(3)(C) and 113(b)(2) of the Act, 42 U.S.C. §§ 7413(a)(3)(C) and 7413(b)(2), authorize the Administrator to bring a civil action against any person in federal district court where such person has violated any requirement of, *inter alia*, Title VI of the Act, including a requirement of any rule promulgated thereunder.

20.     Section 113(b) of the Act, 42 U.S.C. § 7413(b), authorizes the assessment of civil penalties not to exceed $25,000 per day for each violation of Title VI of the Act.  Pursuant to EPA's 2004 and 2008 Civil Monetary Penalty Inflation Adjustment Rules, the United States may seek civil penalties of up to $32,500 per day for each violation occurring on or after March 16, 2004, and civil penalties of up to $37,500 per day for each violation occurring on or after January 13, 2009.  40 C.F.R. Part 19.

GENERAL ALLEGATIONS

21.     Defendant owns or operates commercial refrigeration appliances at many of its stores in the United States.

22.     Defendant's commercial refrigeration appliances are "appliances" within the meaning of Section 601(1) of the Act, 42 U.S.C. § 7671(1), and 40 C.F.R. § 82.152, and "commercial refrigeration" equipment within the meaning of 40 C.F.R. § 82.152.

23.     Defendant employs a class I or class II substance (refrigerant) in its commercial refrigeration appliances.

24.     Each of Defendant's commercial refrigeration appliances normally contains 50 or more pounds of refrigerant.

25.     On November 1, 2007, EPA issued an information request ("Information

Request") to Defendant pursuant to Section 114(a) of the Act, 42 U.S.C. § 7414(a), regarding the repair of leaks from commercial refrigeration appliances containing and using a class I or class II substance as a refrigerant at all approximately 181 stores owned and operated by Trader Joe's in California, Arizona, and Nevada.  Defendant was required to respond to the Information Request in full no later than December 13, 2007, 30 days following the Defendant's receipt of the Request.  On November 20, 2007, EPA granted an extension of time to the Defendant to submit its responses until January 13, 2008.

26.     Defendant submitted its responses to the Information Request in two parts, on or about January 14, 2008, and February 20, 2008.  Defendant included with the response 2,100 pages of equipment record.

27.     On December 3, 2008, EPA issued a Compliance Order in which EPA found that Defendant submitted an incomplete response to the Information Request.  The Compliance Order also required Defendant to comply with the Information Request.

28.     On or about February 9, 2009, February 19, 2009, and April 23, 2009, Trader Joe's submitted further responses to the Information Request, including 15,000 pages of equipment records.

29.     Based on EPA's analysis of the information contained in Defendant's responses and subsequent communication between EPA and the Defendant, the United States alleges the following violations of Section 114 of the Act, 42 U.S.C. § 7141, and the Subpart F Regulations.

<u>FIRST CLAIM FOR RELIEF</u>

<u>Failure to Submit a Complete Response to an Information Request, Section 114 of the Act, 42 U.S.C. § 7414</u>

30.     Paragraphs 1 through 29 are realleged and incorporated herein by reference.

31.     Defendant failed to submit complete responses to the Information Request, due (following an EPA-granted extension) on January 13, 2008, until April 23, 2009.  Accordingly, Defendant has violated Section 114 of the Act, 42 U.S.C. § 7414 from January 14, 2008 through March 31, 2009.

32.     As provided in Section 113(b) of the Act, 42 U.S.C. § 7413(b), the violations set

COMPLAINT

forth above subject Defendant to injunctive relief and a civil penalty of up to $32,500 per day for each violation occurring on or after March 16, 2004, and up to $37,500 per day for each violation occurring on or after January 13, 2009.

## SECOND CLAIM FOR RELIEF

### Failure to Repair Leaking Appliances, 40 C.F.R. § 82.156(i)(1), (9)

33. Paragraphs 1 through 29 are realleged and incorporated herein by reference.

34. With respect to one or more commercial refrigeration appliances at some or all of its stores in the United States with such appliances, Defendant discovered a refrigerant leak (or, subject to a reasonable opportunity for further investigation or discovery, should have discovered a refrigerant leak had it not intentionally shielded itself from information that would have revealed a leak) at a time when such appliance had an annual leak rate in excess of 35 percent, and failed to repair the leak within 30 days of discovery to bring the annual leak rate to below 35 percent, without preparing a one-year plan for retrofit or retirement for the appliance, in violation of Section 608 of the Act, 42 U.S.C. § 7671g, and 40 C.F.R. § 82.156(i)(1) and (9).

35. Subject to a reasonable opportunity for further investigation or discovery, some of the violations alleged in Paragraph 34 have not been corrected and will continue in the future.

36. As provided in Section 113(b) of the Act, 42 U.S.C. § 7413(b), the violations set forth above subject Defendant to injunctive relief and a civil penalty of up to $32,500 per day for each violation occurring on or after March 16, 2004, and up to $37,500 per day for each violation occurring on or after January 13, 2009.

## THIRD CLAIM FOR RELIEF

### Failure to Prepare and Implement Retrofit or Retirement Plans, 40 C.F.R. § 82.156(i)(6)

37. Paragraphs 1 through 29 and 34-35 are realleged and incorporated herein by reference.

38. With respect to one or more commercial refrigeration appliances at some or all of its stores in the United States with such appliances, Defendant discovered a refrigerant leak (or, subject to a reasonable opportunity for further investigation or discovery, should have discovered

COMPLAINT

1  a refrigerant leak had it not intentionally shielded itself from information that would have

2  revealed a leak) at a time when such appliance had an annual leak rate in excess of 35 percent,

3  and failed to prepare and implement a one-year retrofit or retirement plan for the appliance

4  within 30 days of discovery, in violation of Section 608 of the Act, 42 U.S.C. § 7671g, and 40

5  C.F.R. § 82.156(i)(6).

6       39.    Subject to a reasonable opportunity for further investigation or discovery, some of

7  the violations alleged in Paragraph 38 have not been corrected and will continue in the future.

8       40.    As provided in Section 113(b) of the Act, 42 U.S.C. § 7413(b), the violations set

9  forth above subject Defendant to injunctive relief and a civil penalty of up to $32,500 per day for

10  each violation occurring on or after March 16, 2004, and up to $37,500 per day for each violation

11  occurring on or after January 13, 2009.

12                      FOURTH CLAIM FOR RELIEF

13       Failure to Maintain Adequate Servicing Records, 40 C.F.R. § 82.166(k), (m)

14       41.    Paragraphs 1 through 29 are realleged and incorporated herein by reference.

15       42.    At some or all of its stores in the United States with commercial refrigerant

16  appliances, Defendant failed to keep servicing records documenting the date and type of service

17  to commercial refrigeration appliances, as well as the quantity of refrigerant added to such

18  appliances, and/or failed to maintain such servicing records for a minimum of three years, in

19  violation of Section 608 of the Act, 42 U.S.C. § 7671g, and 40 C.F.R. § 82.166(k) and (m).

20       43.    Subject to a reasonable opportunity for further investigation or discovery, some of

21  the violations alleged in Paragraph 42 have not been corrected and will continue in the future.

22       44.    As provided in Section 113(b) of the Act, 42 U.S.C. § 7413(b), the violations set

23  forth above subject Defendant to injunctive relief and a civil penalty of up to $32,500 per day for

24  each violation occurring on or after March 16, 2004, and up to $37,500 per day for each violation

25  occurring on or after January 13, 2009.

26                       PRAYER FOR RELIEF

27       WHEREFORE, Plaintiff, the United States, respectfully requests that this Court:

28

1       1.      Order Defendant to take appropriate action to remedy and prevent violations of

2 Section 608 of the Act, 42 U.S.C. § 7671g, and the regulations promulgated thereunder, 40

3 C.F.R. Part 82, Subpart F, at its stores, including steps to mitigate emissions associated with the

4 violations alleged above;

5       2.      Assess civil penalties against Defendant of not more than $32,500 per violation

6 for each violation occurring on or after March 16, 2004, and not more than $37,500 per violation

7 for each violation occurring on or after January 13, 2009;

8       3.      Award the United States its costs and expenses incurred in this action; and

9       4.      Grant such other relief as this Court deems just and proper.

10

11                     Respectfully submitted,

12                     THE UNITED STATES OF AMERICA

13                     JOHN C. CRUDEN
                     Assistant Attorney General
14                     Environment and Natural Resources Division

15

16

17                     _____/s/_____
                     STEVEN D. ELLIS
18                     Senior Counsel
                     Environmental Enforcement Section
19                     Environment and Natural Resources Division
                     U.S. Department of Justice

20 OF COUNSEL:

21 BRIAN P. RIEDEL
   Assistant Regional Counsel
22 U.S. Environmental Protection Agency
   Region 9
23 75 Hawthorne Street
   San Francisco, CA 94105
24

25

26

27

28

                                 COMPLAINT